IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GOLDEN EAGLE INVESTMENTS CO., LLC | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 10-04269-CV-FJG<br>) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Premier Bank, Jefferson City, Missouri | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

Currently pending before the Court is Defendant Federal Deposit Insurance Corporation as Receiver for Premier Bank of Jefferson City, Missouri's ("**FDIC-R**")'s Motion to Substitute Defendant (Doc. No. 20).

Plaintiff's petition alleges two counts against Premier Bank of Jefferson City, Missouri ("Premier Bank") (Doc. No. 21). Count I, Slander of Title, seeks damages from Premier Bank for the alleged wrongful recordation of a Notice of Lis Pendens (Doc. No. 21). Count II, Quiet Title, seeks to have the Notice of Lis Pendens released (Doc. No. 21). The FDIC-R accepted its appointment as Receiver for Premier Bank (Doc. No. 21). On or about August 24, 2011, the FDIC-R sold its promissory note and deed of trust for the subject asset to CADC/RADC Venture 2011-1, LLC ("CADC") (Doc. No. 20). As such, Defendant FDIC-R states it no longer has an interest in the subject asset, CADC is now the real party in interest to this case, and CADC should be substituted for FDIC-R in the above-styled action (Doc. No. 20).

Plaintiff, however, states that while CADC may be the proper party in interest with respect to matters dealing solely with the promissory note or deed of trust, it is not the proper party with

1

respect to Plaintiff's tort claims against Premier Bank (Doc. No. 21).  Plaintiff states substitution of FDIC-R for CADC would limit Plaintiff's ability to recover damages (Doc. No. 21).

On July 26, 2012, the Court requested further briefing from the parties (Doc. No. 39).  On July 30, 2012 Plaintiff submitted its briefing to the Court (Doc. No. 41).  On August 3, 2012, Defendant submitted its briefing to the Court (Doc. No. 42).

When the FDIC is appointed as receiver of a closed depository institution, it succeeds to "all rights, titles, powers, and privileges of the insured depository institution and may take over the assets and operate the institution.  In re Shirk, 437 B.R. 592, 600 (S.D. Ohio 2010) *quoting* 12 U.S.C. § 1821(d)(2)(A)(i) & (B)(i).  Further, when appointed as a receiver, the FDIC…steps into the shoes of the failed [financial institution] and operates as its successor.  Id. *citing*, O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1984).  The FDIC may liquidate the assets of a failed financial institution or may transfer any asset or liability of the institution.  Id. *quoting* 12 U.S.C. § 1821(d)(2)(G)(i)(II). Although the FDIC has the power to sell an asset while retaining a related liability, no liability is transferred to an assuming institution absent an express transfer.  Id. *quoting* Kennedy v. Mainland Sav. Ass'n., 41 F.3d 986, 990-91 (5th Cir. 1994).

Therefore, in this case, FDIC-R obtained the rights of Premier Bank as its Receiver.  If, under the Sale Agreement between FDIC-R and CADC there was an *express* transfer of liability, CADC would assume the liabilities of Premier Bank.  FDIC-R states in its briefing that, under the Sale Agreement, no express transfer of liability was made (Doc. No. 42).  In other words, CADC did not assume liability for any claims arising from Premier's action or inaction seeking monetary relief (Doc. No. 42).  Such liability remains with FDIC-R (Doc. No. 42).  However, under the Sale Agreement, CADC is responsible for defending those claims which seek any non-monetary/equitable relief (Doc. No. 42).  Given that the Complaint, in this case, seeks monetary relief under Count I and non-monetary relief under Count II, the Court finds it proper to join

2

Case 2:10-cv-04269-FJG   Document 45   Filed 09/06/12   Page 2 of 3

CADC as a party to this action. Pursuant to Federal Rule of Civil Procedure 25(c), FDIC-R's Motion to Substitute is hereby **GRANTED** in part and **DENIED** in part (Doc. No. 20). CADC shall be joined as a party to this action.

**IT IS SO ORDERED.**

Date: <u>September 6, 2012</u>        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                          Chief United States District Judge